IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

**DAVID DALE JEFFREY,**

      **Plaintiff,**

v.                                                  Case NO. 6:13-cv-22196

**D.A. MOODY, Detective, Parkersburg
Police Department; JUDGE ROBERT
WATERS, Wood County Circuit Court;
PATRICK LEFEBURE, Wood County
Prosecutor;**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the court is the initial screening of Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), and an Application to Proceed without Prepayment of Fees or Costs. (ECF No. 1). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **FINDS** that Plaintiff has failed to state a claim for which relief may be granted and respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the court.

## I.  Factual and Procedural History

Plaintiff David Dale Jeffrey ("Jeffrey") is an inmate at the Salem Correctional Center in Industrial, West Virginia, (ECF No. 7 at 1), having been convicted and sentenced by Defendant Robert Waters, Judge, Circuit Court of Wood County, West Virginia, on the charge of Robbery in the First Degree. (ECF No. 2-2 at 22). The charge stemmed from an incident that occurred on April 19, 2012, which began when Jeffrey walked into M & K Novelties, a store located in Parkersburg, West Virginia. (ECF Nos. 2 at 7; 2-1 at 6). According to a statement provided by the store clerk, Jeffrey asked to purchase "glass cleaners," showed his ID upon request, and then physically attacked the clerk who was holding the merchandise. Jeffrey reportedly jumped over the counter and began kicking, hitting, and choking the clerk. (ECF No. 2-1 at 6-9). The clerk evaded injury by grabbing a loose desk drawer and hitting Jeffrey over the head with it. She then shoved him out of the front door and locked it, after which Jeffrey wandered off leaving behind his ID card. (*Id.* at 9-11). Video from the store's surveillance system apparently confirmed the clerk's report of the incident. (ECF Nos. 2-1 at 9, 12; 2-2 at 11). On April 20, 2012, Jeffrey was arrested in St. Albans, West Virginia, (ECF No. 2-2 at 11), and on May 24, 2012, a Wood County grand jury indicted Jeffrey on the charge of Robbery in the First Degree. (ECF No. 2-1 at 15).

On February 19, 2013, Jeffrey mailed a hand-written letter to this District Court, alleging that he was being maliciously prosecuted. (*Jeffrey v. Wood County, West Virginia,* Case No. 6:13-cv-2989 at ECF No. 1). The letter was docketed as a complaint, and on February 20, 2013, Jeffrey was instructed to submit within 30 days an amended complaint and application to proceed without prepayment of fees and costs. (*Id.* at ECF No. 3). Jeffrey did not submit the requisite forms, and as a result, his case was dismissed

without prejudice by the District Court. (*Id.* at ECF No. 4).

On May 30, 2013, Jeffrey pled guilty to the robbery charge pursuant to a plea agreement, and on June 3, 2013, was sentenced to a term of imprisonment of one to fifteen years with 392 days credited. (ECF No. 2-2 at 22). Jeffrey now alleges that the prosecutor coerced him into pleading guilty and maintains that at the time of the offense, he was under the involuntary influence of bath salts, which had been misrepresented to him by M & K Novelties to be an energy supplement. (ECF No. 2 at 5-6, 11).

## II.   Claims in the Instant Action

On August 23, 2013, Jeffrey filed the instant action, alleging constitutional violations related to his conviction and sentence, including (1) malicious prosecution, (2) perjury, (3) violations of his civil rights by the Circuit Judge, (4) false police reports and cover-ups, (5) offering false witness testimony, obtaining indictment under false pretense, and destroying evidence, and (6) unlawful concealment of reports and evidence relating to his lack of criminal responsibility. (*Id.* at 4).

As for relief, Jeffrey requests that the court (1) order the Wood County Circuit Court to provide him with all transcripts, including transcripts from the grand jury proceeding, relating to his criminal case; (2) award him compensatory and punitive damages for "the psychological trauma, cruel and unusual punishment, as well as the blatant and malicious prosecution against the Petitioner;" (3) ensure that he receives "a fair trial" on the robbery charge; (4) order the defendants to pay "for all expenses incurred in this case;" and (5) issue any other relief that the court deems appropriate. (*Id.* at 20-21).

### III.     Discussion

In order to establish a *prima facie* case under 42 U.S.C. § 1983, Jeffrey must show through factual allegations that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Pursuant to the provisions of 28 U.S.C. § 1915,[1] the court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs), and must dismiss the case, or any part of it, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id.* A case is "frivolous" if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In the event of a *pro se* complaint, the court must liberally construe the

---

[1] This screening is also required under 28 U.S.C. § 1915A when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

- 4 -

allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a cause of action that is cognizable in federal court. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

After closely reviewing each of Jeffrey's claims and assessing their individual sufficiency, the undersigned has concluded that Jeffrey fails to state a *prima facie* case under 42 U.S.C. § 1983 on any of his claims. Therefore, the complaint should be dismissed in its entirety.

### A. Malicious Prosecution

Jeffrey first raises a claim of malicious prosecution under § 1983. (ECF No. 2 at 4). The factual allegations supporting the claim are as follows. In 2005, Jeffrey began a long-term romantic relationship with Natalie Richards, the wife of a "15 year vet worker for the Parkersburg City Police Department." (*Id.* at 16-18). Ms. Richards ultimately divorced her husband, John Richards, and moved in with Jeffrey. Jeffrey claims that John Richards "swore revenge" against him and was "working hand in hand" with Defendant D.A. Moody when Detective Moody charged Jeffrey with robbery. (*Id.*). Jeffrey further alleges that Judge Waters is a participant in what Jeffrey describes as a "Wood County lynch mob." (*Id.* at 18-19).

"A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers,* 703 F.3d 636, 647 (4th Cir. 2012) (internal citations and quotation marks omitted); *see also Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012); *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009) ("While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure") (internal citations omitted); *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (holding that a "malicious prosecution" claim under § 1983 is "simply a claim on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution-specifically, the requirement that the prior proceeding terminate favorably to the plaintiff"). Moreover, it is well settled that "an indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh,* 420 U.S. 103, 117 n.19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)).

Using this legal framework, Jeffery cannot support a claim of malicious prosecution for two reasons. First, his indictment establishes a probable cause basis for the charge against him. Moreover, although Jeffrey argues that Detective Moody gave false information to the grand jury, he does not allege that his arrest was unsupported by probable cause. (ECF No. 2 at 9-10). Indeed, it would be difficult for Jeffrey to deny

that probable cause existed for the arrest, given the statement provided by the store clerk, (ECF No. 2-1 at 5-13), and the surveillance tape which apparently captured the incident on video. (ECF No. 2-2 at 11). Second, the criminal proceedings were not terminated in his favor. As stated in his complaint, Jeffrey pled guilty to Robbery in the First Degree in May 2013. (ECF No. 2 at 16). His conviction has not been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Consequently, Jeffrey has failed to make the requisite showings. Therefore, his malicious prosecution claim must fail.

For these reasons, the undersigned respectfully **RECOMMENDS** that the United States District Judge **DISMISS** Jeffrey's claim of malicious prosecution, for failure to state a compensable claim.

### B. Claims Relating to the Validity of Conviction

Jeffrey also assigns a number of errors to his state criminal proceedings, for which he seeks the invalidation of his conviction and "a fair trial," as well as money damages. (ECF No. 2 at 20-21). Specifically, Jeffrey alleges that (1) the store clerk lied in her statement to the police in an attempt "to cover up her drug enterprise by calling the illegal drug 'glass cleaner,'" and that Detective Moody "turn[ed] a blind eye to this false report," (ECF No. 2 at 8-9); (2) Detective Moody "committed perjury and gave false information to a grand jury" by characterizing the merchandise Jeffrey attempted to steal as "incense" when the store clerk clearly referred to it as "glass cleaner," (ECF No. 2 at 9-10); (3) Jeffrey's ex-girlfriend, a special witness to the State, lied when she testified that he had undergone drug treatment in August 2011 for the use of bath salts, (ECF No.

2 at 11-12); (4) the "glass cleaner" Jeffrey allegedly attempted to steal was not actually destroyed as was claimed by the prosecuting attorneys, but in fact never existed, (ECF No. 2 at 12); (5) Dr. Ralph Smith's court-ordered forensic psychiatric report on Jeffrey's criminal responsibility did not comply with W.V. Code § 27-6A-4 (requiring written report be provided within at most thirty days from the date of the evaluation), (ECF No. 2 at 13); (6) the prosecuting attorney coerced him into pleading guilty by withholding the results of Dr. Smith's psychiatric evaluation, (ECF No. 2 at 14-15), namely the findings that "if indeed he did not know [what he was taking] and was psychotic in his behavior, he would be considered as not criminally responsible" and that "he is not competent to represent himself," (ECF No. 2-2 at 15-16); and (7) the Wood County Circuit Court turned a "blind eye" to the Prosecutor's misconduct, thereby violating Jeffrey's civil rights. (ECF No. 2 at 4, 10, 12-13, 15). Jeffrey suggests that the foregoing actions violated his constitutional rights,[2] thereby rendering his guilty plea and conviction invalid. Jeffrey seeks injunctive relief in the form of a new trial, as well as damages for the injuries he sustained as a result of the defendants' misconduct. (ECF No. 2 at 20-21).

However, Jeffrey's claims simply are not cognizable under § 1983, as a "state prisoner's § 1983 action is barred (absent prior invalidation) no matter what the relief sought (damages or equitable relief)—no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Byrd v.*

---

[2] Jeffrey cites "Cruel and Unusual Punishment" in his request for relief, but he alleges no facts regarding the duration of his sentence or condition of his confinement. (ECF No. 2 at 20). In light of his allegations, it appears that Jeffrey is actually attempting to raise a Due Process claim regarding his pretrial criminal proceedings.

*North Carolina*, 200 Fed. Appx. 235, 236 (4th Cir. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)). As the Supreme Court has repeatedly explained, "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct 2117, 158 L.Ed.2d 924 (2004) ("Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."). In addition, because Jeffrey's criminal conviction has not been reversed, he cannot seek monetary damages for the injuries he sustained as a result of the constitutional violations he alleges. *See Heck v. Humphrey*, 512 U.S. at 486-87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

To the extent Jeffrey seeks to collaterally attack the validity of his state court conviction, his complaint is more appropriately construed as a § 2254 petition for habeas relief. *See Byrd*, 200 Fed.Appx. at 236. However, before bringing a § 2254 petition in federal district court, a state prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A prisoner is "not

deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). In West Virginia, a prisoner may exhaust state court remedies by: (1) "stating cognizable federal constitutional claims in a direct appeal"; (2) "stating such claims in a petition for a writ of habeas corpus in a state circuit court, pursuant to W.Va. Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling by the [Supreme Court of Appeals of West Virginia]"; or (3) "filing a petition for a writ of habeas corpus under the original jurisdiction of the [Supreme Court of Appeals of West Virginia]," although an original jurisdiction petition that is denied without indication that the denial is with prejudice, following a determination on the merits, will not exhaust the prisoner's state court remedies. *Rydbom v. Ballard*, No. 6:07-cv-00711, 2009 WL 305079, at *7 (S.D.W.Va. Feb. 6, 2009). Jeffrey was convicted on May 30, 2013. According to the Wood County Circuit Court's docket sheet pertaining to Jeffrey's criminal case, he filed a Notice of Intent to Appeal with the West Virginia Supreme Court of Appeals, but has not pursued that matter.[3] Further, there is no evidence before this court indicating that Jeffrey has petitioned either the Circuit Court or the West Virginia Supreme Court for habeas relief. Therefore, it appears that Jeffrey has not yet exhausted his state court remedies.

Accordingly, the undersigned respectfully **RECOMMENDS** that the United States District Judge **DISMISS** all claims relating to Jeffrey's criminal proceedings for failure to state a cognizable § 1983 claim.

---

[3] "The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *see also Hall v. Virginia,* 385 F .3d 421, 424 n. 3 (4th Cir.2004) (may take judicial notice of data on state website in connection with analysis of legal sufficiency of complaint).

## IV.     Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to proceed *in forma pauperis,* (ECF No. 1)*,* **DISMISS** the complaint, **without prejudice**, (ECF No. 2), and remove this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, the Defendants, and any counsel of record.

**FILED:**  February 13, 2014.

_____
Cheryl A. Eifert
United States Magistrate Judge